UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Mitch Carlson | § | |
| | § | |
| vs. | § | NO:  AU:25-CV-02081-DAE |
| | § | |
| John Creighton III, et al | § | |

## ORDER FOR SCHEDULING RECOMMENDATIONS
## AND ADVISORY CONCERNING MAGISTRATE JUDGE ASSIGNMENT

At the request of the Bar, the District Judges have implemented a procedure whereby a Magistrate Judge is assigned to each civil case at the time it is filed. The assignments are made randomly and are evenly divided among the Magistrate Judges.  If a pretrial matter is referred by the District Judge, it will be handled by the Magistrate Judge to whom the case was assigned.   Similarly, if the parties consent to Magistrate Judge jurisdiction, the case will be placed on the docket of the assigned Magistrate Judge for all future proceedings, including entry of judgment.  **The United States Magistrate Judge assigned to this case is the Honorable Howell.**

In an effort to assist the parties in resolving this dispute as expeditiously and efficiently as possible, and in accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas,

IT IS HEREBY ORDERED   that the parties shall submit a proposed scheduling order to the Court within thirty (30) days from the date of this order. The parties shall first confer as required by Fed R. Civ. P. 26(f).  The content of the proposed scheduling order shall include proposals for all deadlines set out in the form for scheduling order attached hereto and contained in Appendix "B" to

the Local Rules.  The parties shall endeavor to agree concerning the contents of the proposed order, but in the event they are unable to do so, each party's position and the reasons for the disagreement shall be included in the proposed schedule submitted to the court.  In the event the plaintiff has not yet obtained service on all defendants, the plaintiff shall include an explanation of why all parties have not been served.  **The scheduling proposals of the parties shall be considered by the trial court, but the setting of all dates is within the discretion of the Court.**  The parties shall indicate in the proposed order that they have in fact conferred as required by the federal rules of procedure.

The proposed scheduling order shall contain suggestions for the following deadlines:

1.  The parties must mediate this case and file a report in accordance with Rule 88 after the mediation is completed.

2.  The parties asserting claims for relief shall submit a written offer of settlement to opposing parties (the standard period being <u>90 days</u> after the first defendant's appearance), and each opposing party shall respond, in writing (the standard period being <u>104 days</u> after the first defendant's appearance).

3.  The parties shall file all motions to amend or supplement pleadings or to join additional parties by (the standard period being <u>120 days</u> after the first defendant's appearance).

4.  All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall **SERVE ON ALL PARTIES, BUT NOT FILE the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by (the standard period being <u>90 days</u> before the discovery deadline).  Parties resisting claims for relief shall file their designation of potential witnesses,  testifying experts, and proposed exhibits, and shall **SERVE ON ALL**

**PARTIES, BUT NOT FILE the materials required by Fed. R. Civ. P. 26(a)(2)(B)** by (the standard period being <u>45 days</u> before the close of discovery). All designations of rebuttal experts shall be filed within 14 days of receipt of the report of the opposing expert.

5.   An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (the standard period being <u>30 days</u>) days of receipt of the written report of the expert's proposed testimony, or within (the standard period being <u>30 days</u>) days of the expert's deposition, if a deposition is taken, whichever is later.

6.   The parties shall complete discovery (the standard period being <u>six months</u> after the first defendant's appearance).   Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.   All dispositive motions shall be filed (the standard period being <u>30 days</u> after the discovery deadline).   Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to (the standard page limit for this Court is 20) pages in length.   The court will set a hearing on such motions for a date after the deadline for responses and replies.

8.   This case will not be set for trial until after dispositive motions, if any, have been ruled on.   **If parties elect not to file dispositive motions, they must contact the courtroom deputy, Priscilla Springs at (210) 472-6550 ext. 5016, or by email Priscilla_Springs@txwd.uscourts.gov, in order to set a trial date**. The Court will set the case for trial by separate order.   The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, February 03, 2026.

_____
DAVID ALAN EZRA
SENIOR U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| Mitch Carlson | § | |
| | § | |
| vs. | § | NO:  AU:25-CV-02081-DAE |
| | § | |
| John Creighton III, et al | § | |

## <u>**SCHEDULING RECOMMENDATIONS**</u>

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1.  The parties must mediate this case on or before _____ and file a report in accordance with Rule 88 after the mediation is completed.

2.  The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____, and each opposing party shall respond, in writing, by _____.

3.  The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

4.  All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on

all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B) by
_____.  All designations of rebuttal experts shall be designated within
14 days of receipt of the report of the opposing expert.

5.   An objection to the reliability of an expert's proposed testimony under
Federal Rule of Evidence 702 shall be made by motion, specifically stating the
basis for the objection and identifying the objectionable testimony, within
_____ days of receipt of the written report of the expert's proposed
testimony, or within _____ days of the expert's deposition, if a deposition is
taken, whichever is later.

6.   The  parties  shall  complete  all  discovery  on  or  before
_____.  Counsel may by agreement continue discovery beyond the
deadline, but there will be no intervention by the Court except in extraordinary
circumstances, and no trial setting will be vacated because of information obtained
in post-deadline discovery.

7.   All dispositive motions shall be filed no later than _____.
Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive
motions shall be limited to twenty (20) pages in length.  Replies, if any, shall be
limited to ten (10) pages in length in accordance with Local Rule CV-7(e).  **If the
parties elect not to file dispositive motions, they must contact the courtroom
deputy on or before this deadline in order to set a trial date**.

8.   If required, a hearing on dispositive motions will be set by the Court

after all responses and replies have been filed.

9.  The Court will set the case for trial by separate order.  The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

10.  All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have (*agreed/disagreed*) as to its contents.  The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order _____.  Plaintiff offers the following explanation of why all parties have not been served _____.

_____

(Signature)

_____

(Print or type name)

ATTORNEY FOR

_____

(Print or type name)

CERTIFICATE OF SERVICE